IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WALTER H. HOLLOWAY,

Plaintiff,

vs.

MARIA HOLLOWAY,

Defendant.

**8:21CV334**

**MEMORANDUM AND ORDER**

This matter is before the court on various documents filed by Plaintiff after the court dismissed Plaintiff's Complaint (filing 1) with prejudice as frivolous on September 22, 2021. (Filings 7 & 8.)

On September 22, 2021, and after the court entered judgment, Plaintiff filed what has been docketed as an amended complaint (filing 9) and a request for transcript (filing 10). Both documents are unintelligible and list parties different from those listed in the Complaint. To the extent Plaintiff's amended complaint could be construed as a post-judgment motion to amend, the court concludes that such relief is not warranted. *See United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742-43 (8th Cir. 2014) (post-judgment motion for leave to amend must satisfy "the stringent standards governing the grant of Rule 59(e)[1] and Rule 60(b)[2] relief").

---

[1] Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

[2] Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;

Plaintiff's request for transcript (filing 10), to the extent it could be construed as a motion, is also denied as the court cannot ascertain what Plaintiff is asking.

On October 18, 2021, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("IFP") (filing 12) and a form "Notice of Appeal (Civil)" (filing 13). The Notice of Appeal does not clearly identify the order or judgment from which Plaintiff appeals. Out of an abundance of caution, the court assumes Plaintiff appeals from the judgment entered on September 22, 2021. However, Plaintiff did not sign the Notice of Appeal. On October 19, 2021, the Clerk of Court advised Plaintiff that his Notice of Appeal was unsigned and therefore deficient. The Clerk of Court directed Plaintiff to "correct the deficiency" (i.e., file a signed Notice of Appeal) within 15 days, or the pleading "may be stricken from the record of this case." (Filing 14 (text order).) Plaintiff has failed to follow the Clerk of Court's directions.

Accordingly, I shall order Plaintiff to file a signed Notice of Appeal in accordance with Federal Rule of Civil Procedure 11 and the court's Local Rules. This matter cannot proceed until the Notice of Appeal is signed. FAILURE TO CORRECT THE DEFECT WILL RESULT IN THE NOTICE OF APPEAL BEING STRICKEN FROM THE RECORD WITHOUT FURTHER NOTICE AND NO APPEAL WILL BE PROCESSED.

---

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

IT IS THEREFORE ORDERED that:

1.      Plaintiff is directed to correct the above-listed technical defect in the Notice of Appeal on or before **November 24, 2021**.

2.      Failure to comply with this Memorandum and Order will result in the Notice of Appeal being stricken from the record without further notice and no appeal being processed.

3.      The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **November 24, 2021**: deadline for submission of a signed notice of appeal.

4.      No ruling shall be made on Plaintiff's IFP motion (filing 12) until Plaintiff complies with this order.

5.      To the extent Plaintiff's Amended Complaint (filing 9) and Request for Transcript (filing 10) could be construed as motions, they are denied.

Dated this 4th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge